IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-210-BO

| | |
|---|---|
| BONANZA LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 27]. A hearing on this matter was held in New Bern, North Carolina on July 24, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act and supplemental security income (SSI) payments under Title XVI of the Social Security Act on August 18, 2009. The plaintiff alleged disability beginning on March 27, 2009 due to interstitial lung disease, COPD, and emphysema. The Social Security Administration denied the plaintiff's application initially and upon reconsideration. On April 19, 2011, the plaintiff appeared and testified before an Administrative Law Judge (ALJ). On April 28, 2011, the ALJ denied the plaintiff's application. On July 26, 2012, the Appeals Council denied the plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

Mr. Lyons's primary complaint is his poor pulmonary function, which has led to, among other things, shortness of breath upon exertion, wheezing, and coughing-related pain in his back, legs, and sides. The plaintiff's testimony reveals that he cannot walk more than a block without stopping to catch his breath. [Tr. 37]. Further, he cannot stand for more than ten to fifteen minutes without getting tired and short of breath. [Tr. 37]. At the hearing, plaintiff's counsel noted that while Mr. Lyons had indicated that he helped his mother around the house that work took him significantly longer than it should have and left him feeling exhausted and out of breath. Further, the plaintiff often had to lie down for thirty-minute periods throughout the day in order to restore his energy.

Plaintiff's complaints have been verified by his treating physician. Dr. Bowman, a pulmonary specialist, has seen the plaintiff numerous times since 2009. Dr. Bowman has diagnosed the plaintiff with COPD, emphysema, GERD, chronic rhinitis, obstructive sleep apnea, and obesity. [TR. 354]. As part of her inquiry into the plaintiff's condition, Dr. Bowman conducted a walking test wherein the plaintiff was required to ambulate for six minutes. During this test, the plaintiff ambulated 1450 feet in six minutes and, while he was able to complete the test, he ended the test fatigued and short of breath. [Tr. 316].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v.*

2

*Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred by concluding at step five by failing to adequately consider the plaintiff's medical limitations. The ALJ determined that the plaintiff was able to perform light work, which consists of:

> Lifting no more than 20 pounds at a time with frequent lifting or carrying of
> objects weighing up to 10 pounds. Even though the weight lifted may be very

Case 4:12-cv-00210-BO   Document 34   Filed 07/29/13   Page 3 of 5

little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 CFR § 404.1567(b). The hypothetical presented to the vocational expert included only the following nonexertional limitations: the person should not be exposed to respiratory irritants such as gases, smoke, dust, or chemical fumes. The hypothetical made no mention of the claimant's inability to stand or walk for extended periods of time. ALJ Marrero's lack of consideration for the plaintiff's physical limitations suggests that he relied too heavily on Dr. Bowman's assessment that Mr. Lyons was able to complete the ambulation test. Although the plaintiff did complete the ambulation test, it resulted in the plaintiff experiencing fatigue and shortness of breath. Further, there is extensive testimony to corroborate the plaintiff's statements of his fatigue and shortness of breath upon exertion. As such, there is not substantial evidence to support a finding that the plaintiff would have been able to walk or stand for extended periods of time throughout a workday. At most, this claimant is able to perform sedentary work.

The claimant is fifty-three years old and, therefore, he "grids out" under the Medical-Vocational Guidelines. Because the ALJ's determination that the plaintiff was able to perform light work is not supported by substantial evidence and because the plaintiff is only able to complete sedentary work, this Court finds that the plaintiff is disabled and should be awarded benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies

4

within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This 28 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE